UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARFIELD PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16 C 8233 |
| | ) | |
| PHYLLIS BAXTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants' Illinois Department of Human Services ("IDHS") and individual state employees Phyllis Baxter ("Baxter") and Gayle Stricklin ("Stricklin") (collectively, "Defendants") Motion to Dismiss Plaintiff Garfield Phillips's ("Phillips") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants-in-part and denies-in-part Defendants' motion.

## BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Phillips's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Phillips, a man of African and Antiguan ethnicity, was employed by IDHS as a human service caseworker for 31 years until March 7, 2016. Defendant Stricklin, a white woman, is the IDHS Regional Administrator of Region 2. Defendant Baxter, an African American woman, is the IDHS Region 2 SNAP Accuracy Liaison and Acting Local Office Administrator for the Region 2 Processing Hub, and was Phillips's supervisor. Phillips claims to have quit his job on March 7, 2016, because Stricklin, Baxter, and other IDHS employees repeatedly harassed and discriminated against him on the basis of his sex and race since 2012.

In January 2013, Phillips commenced a lawsuit in this Court,[1] against IDHS, Stricklin, and other IDHS supervisors (the "2013 Case"). The 2013 Case stemmed from an incident in 2012 where an IDHS employee struck and injured Phillips. After the incident, Phillips alleges that his superiors did not take the investigation of the incident seriously, attempted to cover up the incident, and therefore discriminated against him on the basis of his race and sex.

Phillips claimed race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981(a), and 42 U.S.C. § 1983, as well as conspiracy under 42 U.S.C. § 1985(3). He also asserted state-law claims of negligence, assault, and battery. On June 3, 2013, the Court dismissed the federal

---

[1] Case No. 1:13-cv-281.

claims under Federal Rule of Civil Procedure 12(b)(6) and declined to exercise supplemental jurisdiction over the state law claims. 1:13-cv-281, Dkt. # 30.

Phillips claims that after the 2013 Case was dismissed, his supervisors at IDHS continued to discriminate against him. In 2015, Baxter initiated disciplinary action against Phillips, accusing him of violating the IDHS attendance policy. She later withdrew the complaint after his absences were approved for medical reasons. Baxter then tried to access Phillips's personal medical records, after which Phillips filed a grievance with his union, the American Federation of State, County, and Municipal Employees (the "Union").

By June 2015, Phillips's work phone was limited to making local calls and his "security profile" was reduced. In August 2015, Baxter emailed Phillips, instructing him to stop assigning cases to frontline staff. Phillips notes that similarly situated female employees did not encounter the same restrictions. On August 20, 2015, Phillips interviewed for a position as Public Service Administrator at IDHS' local office in Kankakee (the "Kankakee Office"). The Public Service Administrator job would have provided Phillips with a $25,000 per year pay increase. Although Phillips was more qualified and had a longer tenure at IDHS, Stricklin awarded the position to Rosemary Norris ("Norris").

In October 2015, Baxter told him to stop submitting weekly reports to his supervisors about food stamp accuracy errors. That month, Phillips noticed that he was no longer included in weekly management meetings. In December 2015, Phillips

3

interviewed for the position of Region 2 SNAP Accuracy Liaison. The position ultimately went to Baxter, even though Phillips says that she did not apply or interview for the position. In January 2016, Phillips was instructed to begin processing Spanish-language applications and assisting frontline staff with non-managerial "common casework." Phillips maintains that other similarly situated employees were not required to perform these tasks.

In February 2016, Phillips claims that Baxter, Stricklin, Norris, and William Willis ("Willis"), without consulting Phillips, discussed an inter-office transfer for Phillips from the Region 2 Processing Hub to the Kankakee Office. On February 19, 2016, Baxter notified Phillips that he was going to be transferred. Phillips replied that he would not consent to a transfer to the Kankakee Office and would only accept a transfer to Joliet. Baxter informed him that if he did not accept the Kankakee transfer, he would be disciplined for insubordination and subject to discharge.

On February 22, 2016, Baxter told Phillips to "pack up" and leave for the Kankakee office. Phillips replied contending that Baxter did not have the authority to transfer him. He claims that Baxter responded in an "abusive, hostile, and threatening" tone. She yelled "don't make me have to call the cops on you, and you better leave before something bad happens to you!" Phillips also claims that Baxter told Union representatives at the Kankakee Office to "come and get [Phillips] . . . before something bad happens to him!" Phillips received an email from Stricklin instructing him to leave the building by noon that day.

4

After Baxter's comments, Phillips claims to have feared for his physical safety, prompting him to leave the IDHS office. A Union representative contacted Phillips, informing him that he was no longer allowed to access the office and that he should instead report to the Kankakee Family Resource Center.

On March 7, 2016, Phillips "voluntarily terminated" his employment with IDHS. After resigning, Phillips claims that he was eliminated from consideration for post-employment contractual work with IDHS, which is customarily offered to former employees in good standing. He also claims to have been barred from entering the IDHS local offices in Kankakee and Joliet.

On August 22, 2016, Phillips filed a four-count complaint against Baxter, Stricklin, Norris, Willis, and IDHS alleging conspiracy to interfere with rights under 42 U.S.C. § 1985(3), retaliation under 42 U.S.C. § 1981, state-law intentional infliction of emotional distress ("IIED"), and state-law negligence. This Court dismissed Phillips's complaint on May 24, 2017.

On June 19, 2017, Phillips moved to "re-file" a first amended complaint, alleging a violation of 42 U.S.C. § 1981 brought pursuant to Section 1983 against Baxter and Stricklin, an IIED claim against Baxter, a negligence claim against Baxter and Stricklin, and a Section 1983 violation against the IDHS under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). On January 19, 2019, this Court denied Phillips's motion and Phillips appealed.

On April 23, 2019, the Seventh Circuit reversed this Court's dismissal of Phillips's claim alleging unlawful race discrimination under 42 U.S.C § 1981(a) by Defendants Baxter and Stricklin. The Seventh Circuit affirmed the remainder of the judgment.

On October 31, 2019, Phillips filed the instant SAC, asserting claims for violations of 42 U.S.C. § 1981(a) and the Equal Protection Clause of the Fourteenth Amendment ("the Equal Protection Clause") brought pursuant to 42 U.S.C § 1983. Under these provisions, Phillips asserts: (1) a claim for intentional race and sex discrimination by Stricklin (Count I); (2) a claim for intentional race and sex discrimination by Baxter (Count II); (3) a claim for breach of IDHS policy by Baxter (Count III); (4) a claim for breach of the Union's collective bargaining agreement by Baxter and Stricklin (Count IV). Phillips further asserts a claim against the IDHS under the Illinois Employee Ethics Act Whistleblower Provision, 5 ILCS §§ 430/1-1 et *seq.* ("Ethics Act") (Count V). Defendants moved to dismiss the SAC on November 11, 2019.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations,

6

but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

Defendants urge the Court to partially dismiss Phillips' SAC for several reasons. Specifically, they argue that: (1) Phillips' allegations from 2012 are barred by res judicata and the statute of limitations; (2) the alleged violations of internal IDHS policy are not constitutional violations that support Phillips's § 1983 claim; (3) Phillips does not allege enough facts to support sex discrimination claims under § 1981 and the Equal Protection Clause; (4) the Court does not have jurisdiction over the claims made under the public collective bargaining agreement between the State and the Union; (5) Phillips does not allege a sufficient Ethics Act claim, and that such a claim is barred by sovereign immunity; (6) Counts III and IV of the SAC are duplicative of Counts I and II; (7) Phillips does not sufficiently allege a Due Process claim; and (8) Phillips does

not allege enough facts to support a claim under the Equal Pay Act of 2003 ("Equal Pay Act"), 820 ILCS §§ 112/1 *et seq*. We address each argument in turn.

## I. Res Judicata and The Statute of Limitations

Defendants argue that the judgment in Phillips's 2013 Case forecloses litigation of all allegations from 2012 in the present case. They contend that the 2013 Order, dismissing all of Phillips's federal claims and declining to exercise jurisdiction over his state claims, was a final judgment on the merits because Defendants IDHS and Stricklin were named defendants in the 2013 Case; and although Defendant Baxter was not a named defendant in the prior case, res judicata still applies because the doctrine is being asserted against Phillips, a party to both cases. Phillips responds that it would be improper to dismiss the allegations from 2012 at this stage because the Court cannot consider an affirmative defense on a motion to dismiss. He further argues that the SAC does not "admit any of the ingredients of an impenetrable defense," and there was no final judgement on the merits in the 2013 Case. We disagree in part.

Res judicata is an affirmative defense and the plaintiff need not plead around affirmative defenses. *See United States Gypsum Co. v. Indiana Gas Co*., 350 F.3d 623, 626 (7th Cir. 2003); Fed. R. Civ. P. 8(c). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *United States Gypsum*, 350 F.3d at 626. Thus, the doctrine of res judicata may properly be raised as a basis to dismiss a complaint pursuant to Rule 12(b)(6) where the instant complaint

8

opens the door by referencing prior proceedings that form the basis for applying the doctrine. *See Muhommad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).

A res judicata defense often requires the court to consider matters outside the complaint and a motion raising such a defense must ordinarily be treated as one for summary judgment. *Clark & Leland Condominium, L.L.C. v. Northside Cmty. Bank*, 110 F. Supp. 3d 866, 868 (N.D. Ill. 2015). However, "[a] district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Thus, "'when a defendant raises *res judicata* as a defense and it is clear from the complaint's face, and matters of which the district court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is proper.'" *Clark & Leland*, 110 F. Supp. 3d at 868-69 (quoting *Arthur Anderson LLP v. Fed. Ins. Co.*, 2007 WL 844632, at *7 (N.D. Ill. 2007) (internal alterations omitted). Accordingly, we find it proper to consider the res judicata argument on Defendants' motion to dismiss because Phillips admits the details of the 2013 Case in his SAC and because the 2013 Case is a public record of which the Court may properly take judicial notice. *See Henson*, 29 F.3d at 284 (stating that a district court may take judicial notice of public court records on a Rule 12(b)(6) motion to dismiss).

The doctrine of res judicata or claim preclusion "prohibits parties 'from re-litigating issues that were or could have been raised in' a previous action in which there

9

was a final judgment on the merits." *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Highway J Citizens Group v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)). This doctrine requires claims that are based "on the same, or nearly the same, factual allegations" to be joined. *Id*. (*citing Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997)).

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell,* 553 U.S. 880, 891 (2008). Res judicata applies when there is: 1) a final judgment on the merits in an earlier action involving 2) the same cause of action and 3) the same parties or their privies as the case sought to be dismissed. *Rockford Mut. Ins. Co. v. Amerisure Ins. Co.,* 925 F.2d 193, 195 (7th Cir. 1991). A claim has "identity with a previously litigated matter if it emerges from the same core of operative facts as that earlier action." *Highway J Citizens Grp. v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006).

The 2013 Case was dismissed for failure to state a claim on June 3, 2013, which was a final judgment on the merits. *Tartt v. Northwest Community Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (holding dismissal for failure to state a claim is "a final judgment on the merits for res judicata purposes"). In the SAC, Phillips alleges the same set of facts from the 2013 Case and admits that those facts led him to initiate the 2013 Case. Phillips also admits in the SAC that he initiated the 2013 Case against IDHS, Strickland, and other IDHS supervisors, and alleged violations of Title VII,

10

Section 1981, Section 1983, and Section 1985. He reasserts these claims against IDHS and Strickland here.

Based on these facts, the 2012 allegations are barred by res judicata as are Phillips's claims against IDHS and Strickland to the extent that they rely on those allegations. While Baxter was not named as a defendant in the 2013 Case, Phillips does not bring any claims based on the 2012 allegations against her and, accordingly, it matters not that Baxter is sued here in her individual capacity and is therefore not in privity with her government employer for res judicata purposes. *Gray v. Lacke*, 855 F.2d 399, 405-06 (7th Cir. 1989); *Donaldson v. City of Chi.*, 784 Fed. App'x 957, 959 (7th Cir. 2019) (government employees sued in their individual capacity are not in privity with their government employer for res judicata purposes). Accordingly, the 2012 allegations are barred by res judicata, and the claims against IDHS and Baxter are dismissed to the extend they rely on those allegations.

As the 2012 allegations are barred by res judicata, we will not discuss whether the claims are also barred by the applicable statutes of limitations.

**II.     Violation of IDHS Policy**

Defendants next argue that Phillips's allegations of IDHS policy violations do not support Section 1983 claims because an agency's internal policies are not federal constitutional rights. We agree.

"In order to state a claim under [Section] 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants

11

acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Defendants argue that internal IDHS policy is not a federal constitutional right because it does not have the force of law. We agree that a government agency's internal policies do not have the force of law. *See United States v. Pecore*, 664 F.3d 1125, 1132 (7th Cir. 2011) ("'[A] government agency's internal policies and procedures (as opposed to duly enacted regulations),' however, 'do not have the force of law.'"). Therefore, a violation of the IDHS policy is not the violation of a federal constitutional right. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Accordingly, any violation of the IDHS policy is not actionable under Section 1983.

Phillips repeatedly alleges in Counts I, II, and III that Baxter and Stricklin violated IDHS policies. Count III is entirely premised on Baxter's violation of IDHS policy for the alleged workplace violence incident in February 2016. Accordingly, Counts I and II are dismissed to the extent they rely on violations of IDHS internal policy; Count III is dismissed in its entirety.

**III. Sex Discrimination**

Defendants also argue that sex discrimination claims cannot be brought under Section 1981. Additionally, Defendants argue that Phillips has not plead sufficient facts to state a claim of sex discrimination under Section 1983 and the Equal Protection Clause. We address each argument in turn.

### A. Sex Discrimination under Section 1981

Defendants argue that Section 1981 only applies to discrimination on the basis of race and Phillips's claims of sex discrimination under Section 1981 are therefore invalid. We agree.

Section 1981 prohibits racial discrimination in the making and enforcement of private contracts, but the statute does not apply to intentional sex discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976) (Section 1981 does not address discrimination based on sex and religion). In Counts I and II, Phillips alleges sex discrimination in violation of Section 1981. Accordingly, the Court dismisses Phillips's Section 1981 claims with respect to sex discrimination.

### B. Sex Discrimination under Section 1983

Defendants next argue that Phillips fails to state a claim for sex discrimination under Section 1983 because he does not allege sufficient facts to support the inference that he was intentionally treated differently because of his sex. We disagree.

Public employee sex discrimination claims brought under the Equal Protection Clause of the Fourteenth Amendment are analyzed the same as claims brought under Title VII. *Phillips v. Baxter*, 768 Fed. App'x. 555, 559 (7th Cir. 2019). Employment discrimination claims must adhere to a minimal pleading standard. *See Tamayo,* 526 F.3d 1074, 1084 (7th Cir. 2008); *Concentra*, 496 F.3d at 781– 82. A complaint alleging sex discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo,* 526 F.3d at

13

1084. While a plaintiff alleging such a claim may allege the claims "quite generally," the "complaint must contain something more than a general recitation of the elements of the claim." *Id.*

Here, Phillips alleges several adverse employment actions by Defendants. He claims that Defendants changed his duties by removing him from management meetings and having him perform "common casework," among other things, rejected him for promotions when they promoted Baxter and Norris instead of him, and involuntarily transferred him to another office. *See Phillips*, 768 Fed. App'x. at 559 (Phillips's allegations of a change in duties, rejections for promotions, and involuntary transfer are adverse employment actions). Further, Phillips alleges that he was treated differently from similarly situated female IDHS employees. Accordingly, Phillips has sufficiently alleged a claim of sex discrimination.

Defendants contend that Phillips has failed to show "background circumstances that demonstrate that a particular employer has reason or inclination to discriminate invidiously against" men. *See Gore v. Indiana Univ.*, 416 F.3d 590, 592 (7th Cir. 2005). However, such a consideration is an element that is required to be proven under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), framework on a motion for summary judgement not a motion to dismiss. *See Gore*, 416 F. 3d at 592 (in a "reverse" sex discrimination action brought by a male employee, the first prong of *McDonnell Douglas* test, that employee is a member of a protected class, is not used; instead, employee must show background circumstances demonstrating that the employer has

14

reason or inclination to discriminate invidiously against males, or present evidence that there is something "fishy" about the facts at hand). The Seventh Circuit has held that "the pleading standards in [sex discrimination] cases are different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof under *McDonnell Douglas*." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

Based on the forgoing, the Court finds that Phillips has sufficiently stated a claim for sex discrimination under Section 1983 at this stage of the litigation. *See Cox v. Calumet Pub. Schs. Dist. 132*, 180 F. Supp. 3d 556, 561 (N.D. Ill 2016) (denying motion to dismiss in part and noting that male plaintiff in a sex discrimination case need not show background facts establishing that employer had reason to discriminate against men at this stage).

### IV. The Collective Bargaining Agreement

Defendants argue that to the extent Phillips bases his claims on violations of Article XIX Section 7A of the collective bargaining agreement, or any other violation of the Union agreement, this Court should decline to exercise jurisdiction. Defendants contend that the Illinois Public Labor Relations Board has exclusive jurisdiction over such matters. We agree.

A violation of a public employee's collective bargaining agreement and/or public union contract is governed by the Public Labor Relations Act ("IPLRA"), 5 ILCS §§ 315/1 *et seq.* "[T]he ISLRB has exclusive jurisdiction to hear unfair labor practice

15

grievances of Illinois state employees." *Carver v. Nall*, 172 F.3d 513, 516 (7th Cir. 1999).

In Count IV, Phillips alleges that Baxter and Stricklin intentionally interfered with his protected rights under the Union contract. Specifically, Phillips alleges that Defendants did not follow the process for transferring him to another office as required under the Union contract. These allegations cannot be addressed without interpreting the Union contract, and interpretation of union contracts is squarely within the exclusive jurisdiction of the ISLRB. *See Cessna v. City of Danville*, 269 Ill. App. 3d 156, 165-66 (1st Dist. 1998) ("Plaintiff alleges in count I that the City wrongfully discharged her and arbitrarily applied to her certain rules and regulations promulgated pursuant to the Agreement. These allegations cannot be addressed by the circuit court without interpreting the Agreement and viewing the City's alleged actions in light of this interpretation. These are matters that fall within the expertise of the Board."). Accordingly, we dismiss Count IV.

**V.     Illinois Ethics Act**

Defendants urge the Court to dismiss Phillips's claim against IDHS under the Ethics Act, arguing that they are immune from suit in federal court under the Eleventh Amendment. Additionally, Defendants argue that Plaintiff makes conclusory allegations that lack factual support and fail to put Defendants on notice of Phillips' claim against IDHS. We agree that IDHS is protected by sovereign immunity.

Defendants argue that IDHS, as a department of the State of Illinois, is immune from suit in federal court because it has sovereign immunity. Under the Eleventh Amendment, a state, its agencies, and its officials acting in their official capacities are immune from federal lawsuits unless the state consents to the suit or Congress abrogates the state's immunity. *Tucker v. Williams*, 682 F.3d 654, 658 (7th Cir. 2012) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54, (1996)). This District has consistently held that the State is immune from suit in federal court under the Ethics Act. *See, e.g.*, *Hosick v. Chicago State University*, 2011 WL 6337776, at *7 (N.D. Ill. 2011) (holding that suit against public university under the Ethics Act was barred due to sovereign immunity because Illinois only waived sovereign immunity under the Ethics Act in state court and not federal court); *Benjamin v. Illinois Dept. of Financial and Professional Regulation,* 2011 WL 3471064, at *7 (N.D. Ill. 2011) (holding that Ethics Act claim against a state agency is barred by sovereign immunity); *Gnutek v. Illinois Gaming Board*, 2017 WL 2672296, at *5 (N.D. Ill. 2017) (same). Under Illinois law, IDHS is a department of the state government. *Phillips*, 768 Fed. App'x. at 559-60; 20 ILCS 5/5-15; 20 ILCS 1305/1 *et seq*. Therefore, Phillip's claims under the Ethics Act against IDHS are barred by sovereign immunity. Accordingly, Count V is dismissed.

As we have dismissed the Ethics Act claim as barred by sovereign immunity, we will not address whether Phillips stated a claim under the Ethics Act.

## VI. Remaining Arguments

Defendants argue that Counts III and IV are duplicative of Counts I and II. As Counts III and IV have been dismissed for other reasons, we will not address whether they are duplicative.

Defendants also argue that Phillips has not stated sufficient claims for Due Process and under the Equal Pay Act. This is true, as Phillips does not attempt to make either claim in his SAC. Accordingly, we need not address whether Phillips has stated sufficient facts to support a Due Process claim or an Equal Pay Act claim.

## CONCLUSION

For the reasons mentioned above, the Court partially grants the Defendants' motion to dismiss. Counts I and II are dismissed to the extent they rely on allegations from 2012. Additionally, Phillips's allegations of sex discrimination in violation of Section 1981 are dismissed from Counts I and II. Phillips's claims of race discrimination under Sections 1981 and 1983, and sex discrimination under Section 1983 in Counts I and II are not dismissed. Counts III, IV, and V are dismissed in their entirety. It is so ordered.

Dated: 5/6/2020

_____
Charles P. Kocoras
United States District Judge